IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RANDALL T. QUINN,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | |
| | : | NO.: 5:20-CV-467-MTT-MSH |
| **ATTORNEY CARL CANSINO,** | : | |
| | : | |
| Respondent. | : | |
| | : | |

## ORDER OF DISMISSAL

Petitioner Randall T. Quinn, currently confined at Wheeler Correctional Facility, has filed a *pro se* petition seeking a federal court order compelling Defendant Carl Cansino to perform certain actions. ECF No. 1. More specifically, the Petitioner asks this Court to compel the Respondent to provide to the Petitioner his complete legal file relating to a criminal matter and conviction in Putnam County, Georgia to aid Petitioner in seeking post-conviction relief. Id.; *See also* ECF No. 6.

"[F]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id.

Federal mandamus relief is available "to compel **an officer or employee of the United States** . . . to perform a duty owed to the petitioner." 28 U.S.C. § 1361 (emphasis added). The United States District Courts are unable to issue writs compelling action by

state officials or non-federal persons in the performance of their duties. *See Lawrence v. Miami-Dade Cty. State Attorney Office*, 272 F. App'x 781 (11th Cir. 2008) ("Because the only relief [petitioner] sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition."); *In re Gurley*, 247 F. App'x 437 (4th Cir. 2007) (affirming dismissal of writ of mandamus aimed at state officials for lack of jurisdiction).

Because Petitioner seeks an order compelling the performance of duties from his attorney, who is not alleged to be a federal officer or employee, this Court is without jurisdiction to grant Petitioner the relief he seeks. Petitioner's pleading is therefore **DISMISSED without prejudice**. A writ of mandamus seeking to compel non-federal officials in the performance of their duties is appropriately filed in state courts.

**SO ORDERED**, this 22nd day of March, 2021.

s/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT